IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SADE GARNETT,  )
            )
    Plaintiff,  )
            )
v.          )
            )   Civil Action No. 3:17cv128–HEH
REMEDI SENIORCARE  )
OF VIRGINIA, LLC,  )
            )
    Defendant.  )

# MEMORANDUM OPINION
(Granting Motion to Dismiss)

Plaintiff Sade Garnett ("Plaintiff") brings this suit against her former employer, Remedi SeniorCare of Virginia, LLC ("Defendant"). According to Plaintiff, on or about January 15, 2015, one of her coworkers, Aaron Try, made two defamatory statements about her: (1) "Sade was having surgery on her vagina because she got a [sexually transmitted disease ("STD")] cause that's the only reason a female gets surgery on her vagina;" and (2) "Sade was having a biopsy of her vagina." (Am. Compl. ¶¶ 7, 9–10, 21, ECF No. 12.)

Plaintiff alleges that Try's employment duties include "communicating with others at work." (*Id.* at 23.) She therefore contends that Try's statements were made "within the scope and course of his employment." (*Id.* ¶ 21.) Plaintiff has sued Defendant for defamation.

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) Its central argument is that Try's statement is not defamatory as a matter of law.[1] The Court agrees and will grant Defendant's Motion.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570. In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

---

[1] Each side has filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

2

plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for defamation under Virginia law, a plaintiff must establish three elements: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Schaecher v. Bouffault*, 772 S.E.2d 589, 594 (Va. 2015) (quoting *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013)). To be actionable, a statement must be both false and defamatory—it must tend to "harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.* ( citations omitted).

Causes of action for defamation, while arising under state common law, are subject to free speech protections of the First Amendment to the United States Constitution. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 14–17 (1990); *Potomac Valve & Fitting Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1285 (4th Cir. 1987); *Schaecher*, 772 S.E.2d at 599–600. As such, "statements that cannot 'reasonably be interpreted as stating actual facts' about an individual" are not subject to defamation liability. *Milkovich*, 497 U.S. at 20 (quoting *Hustler Magazine, Inc. v. Falwell*, 485 U.S. 46, 50 (1988)).

In determining whether a statement is a non-actionable expression of opinion, the Court "must consider the statement as a whole." *Hyland v. Raytheon Tech. Services Co.*, 670 S.E.2d 746, 751 (Va. 2009). It may not "isolate one portion of the statement at issue from another portion of the statement." *Id.* Thus, even a statement which could be verified as true or false "may still be protected if it can best be understood from its

3

language and context to represent the personal view of the author or speaker who made it." *Potomac Valve*, 829 F.2d at 1288.

Plaintiff alleges that Try made two defamatory statements: (1) "Sade was having surgery on her vagina because she got a STD cause that's the only reason a female gets surgery on her vagina;" and (2) "Sade was having a biopsy of her vagina." (Am. Compl. ¶¶ 9–10.)

As an initial matter, Plaintiff concedes that the false statements about having surgery and a biopsy are not actionable because they are not defamatory. (Pl.'s Br. Opp'n Mot. Dismiss 8, ECF No. 17.) Therefore, the Court need only determine whether the portion of the statement regarding Plaintiff having an STD is actionable.

The law is clear that "even [a] statement capable of being proved false would be understood as author's opinion where it was a conclusory punch line following fully-disclosed facts." *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1093 (4th Cir. 1993) (citing *Potomac Valve*, 829 F.2d at 1289–90). In *Potomac Valve*, the Fourth Circuit affirmed the district court's decision that an alleged statement was not defamatory. The statement included an accusation that the plaintiff had designed a test of its products in order to deceive its customers. *Potomac Valve*, 829 F.2d at 1285. While the court found that the statement was verifiable—either the test was or was not designed to deceive the customers—it was nonetheless a non-actionable opinion. When considered in the context of the entire article in which it was published, the "statement is merely [the defendant's] conclusion from the seven specific points he outlines in the text of the article." *Id.* at 1290.

4

Applying the same analysis in this case, the Court concludes that Try's remark that "she got a STD" is not actionable. When that portion of the statement is considered in context, it is clearly only Try's opinion based on his faulty reasoning that "the only reason a female gets surgery on her vagina" is because she has an STD. "The premise[] is explicit, and the [listener] is by no means required to share in [Try's] conclusion." *Potomac Valve*, 829 F.2d at 1290.

Standing alone, the statement that Plaintiff has an STD may very well be defamatory. However, the Court need not reach that issue because when considered in context, no reasonable person would take Try's statement to be anything more than pure conjecture.

Based on the foregoing, Defendant's Motion to Dismiss (ECF No. 14) will be granted. This action will be dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 8, 2017
Richmond, Virginia