IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SADE GARNETT, )
)
       Plaintiff, )
)
v. )
) Civil Action No. 3:17cv128–HEH
REMEDI SENIORCARE )
OF VIRGINIA, LLC, )
)
       Defendant. )

**MEMORANDUM OPINION**
(Granting in Part Motion to Alter or Amend Judgment)

This matter is before the Court on Plaintiff Sade Garrett's ("Plaintiff") Motion to Alter or Amend Judgment, filed on June 5, 2017. (ECF No. 25.) On May 8, 2017, the Court entered a Memorandum Opinion and Order Granting Defendant Remedi Seniorcare of Virginia, LLC's ("Defendant") Motion to Dismiss without prejudice. (ECF Nos. 23, 24.) In the instant Motion, Plaintiff seeks the Court's leave to amend her Complaint or, in the alternative, an alteration of the Court's prior Order, changing the dismissal to one with prejudice. (Pl.'s Mem. Supp. Mot. Amend or Alter 3, 4, ECF No. 26.)

Plaintiff's Complaint alleges that a co-worker, Aaron Try, while acting within the scope of his employment, made false and defamatory statements about Plaintiff to other employees. (Pl.'s First Am. Compl. ¶¶ 19–21, ECF No. 12.) The allegedly defamatory statements were (1) "Sade was having surgery on her vagina because she got [a sexually transmitted disease ("STD")] cause that's the only reason a female gets surgery on her

vagina;" and (2) "Sade was having a biopsy of her vagina." (*Id.* ¶¶ 9–10.) Plaintiff conceded that the portion of the statements concerning surgery and a biopsy were not defamatory. (Pl.'s Mem. Opp'n Mot. Dismiss 8, ECF No. 17.) As such, on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court only considered whether the portion of the statement regarding Plaintiff having an STD was actionable.

The Court held that the statement that Plaintiff had an STD was merely Try's opinion when considered in context. (Mem. Op. 5, ECF No. 23.) The only basis for Try's assertion was his faulty reasoning that STDs are "the only reason a female gets surgery on her vagina." (*Id.*) Therefore, no reasonable person would take his statement to be anything more than pure conjecture based on that reasoning. (*Id.*) Accordingly, the Court granted Defendant's Motion to Dismiss without prejudice. (ECF No. 24.)

Plaintiff now seeks relief pursuant to Federal Rule of Civil Procedure 59(e).[1] (Pl.'s Mem. Supp. Mot. Alter or Amend.) Rule 59(e) allows a party to move for an alteration or amendment to a judgment within twenty-eight days of the judgment. Typically, a Rule 59(e) motion is permissible in the following situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence

---

[1] Plaintiff alleges that Try made the defamatory statements on January 15, 2015. (Pl.'s First Am. Compl. ¶ 7.) However, she waited until January 19, 2016, to bring this suit, which she initially filed in the Circuit Court for the City of Richmond, Virginia. (Notice of Removal ¶ 1, ECF No. 1.) So, Plaintiff contends that Virginia's one year statute of limitations for defamation bars her from initiating a new action and a dismissal without prejudice prevents her from appealing. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) ("An order dismissing a complaint without prejudice is not an appealable final order under § 1291 if 'the plaintiff could save his action by merely amending the complaint.'") (internal citation omitted).

2

not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006).

In this case, Plaintiff is using Rule 59(e) as a vehicle to amend her complaint. The Court may grant post-judgment leave to amend, but only if "the court first vacates its judgment pursuant to Fed. R. Civ. P 59(e) or 60(b)." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed.R.Civ.P. 15(a)." *Id*; *see Laber v. Harvey*, 438 F.3d 404, 429 (4th Cir. 2006) (finding that a plaintiff's motion to amend should have been granted, despite being filed post-judgment, because the motion complied with the liberal standards of Rule 15(a)).

Federal Rule of Civil Procedure 15(a) states, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit interprets this provision to mean that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber*, 438 F.3d at 426 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

3

opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'").

In the present matter, Plaintiff has submitted a copy of her proposed "Second Amended Complaint." (Proposed Second Am. Compl., ECF No. 28–1.) Defendant appears to concede that it would not be prejudiced by the Amendment, and that the proposed Amendment was not made in bad faith. (Opp'n. Pl.'s Mot. Alter or Amend, ECF No. 27.) However, the Court finds that the Amendment would be futile. Plaintiff's proposed Second Amended Complaint retains the same deficiencies as the one previously dismissed.

The alleged defamatory statement, as pleaded in the proposed Second Amended Complaint, is identical to that of the First Amended Complaint. (Proposed Second Am. Compl. ¶ 11 ("Sade was having surgery on her vagina because she got a STD cause that's the only reason a female gets surgery on her vagina.").) The only changes made by Plaintiff are additional facts relating to the setting or background of the incident. For example, Plaintiff asserts Try worked a nearby machine and found out about her upcoming surgery. (*Id.* ¶¶ 8, 9.) She contends that upon learning this information, Try badgered her about why she was getting surgery—an inquiry she refused to answer. (*Id.* ¶ 10.) She also vaguely alleges that Try "surrounded his false factual statements about [her] with false negative sexual innuendoes." (*Id.* ¶ 12.) Finally, she states that Try "openly wondered how [Plaintiff] could have gotten an STD if she had only had one sexual partner," thereby implying that Plaintiff had been "recklessly sleeping around and that she had gotten an STD from such promiscuity." (*Id.*)

4

Despite these additional facts, the statement constituting the basis of Plaintiff's claim is still based solely on Try's faulty reasoning that vaginal surgery could only be the result of an STD. Anyone hearing that statement would know that it is pure conjecture, not fact. Thus, the proposed Second Amended Complaint fails to correct the pleading's fatal deficiency. As such, the proposed Amendment is futile and does not satisfy the requirements of Rule 15(a). The Motion will denied to the extent that it seeks leave to file an Amended Complaint.

However, based on the Plaintiff's proposed Amendment, the Court concludes that she is unable to plead any additional words or context that make the Defendant's statements actionable. For this reason, the Court will vacate its previous dismissal order. The Court will grant in part Plaintiff's Motion and dismiss the case with prejudice.

An appropriate order will accompany this memorandum.

/s/
Henry E. Hudson
United States District Judge

Date: July 20, 2017
Richmond, Virginia